**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1311**

_____

JAMES JOSHUA CHRISTIAN,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: September 17, 2024               Decided: October 16, 2024

_____

Before HARRIS, HEYTENS, and BERNER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Steffanie Jones Lewis, THE INTERNATIONAL BUSINESS LAW FIRM PC, Washington, D.C., for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Melissa K. Lott, Senior Litigation Counsel, Rebekah Nahas, Senior Litigation Counsel, Criminal Immigration Team, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Joshua Christian, a lawful permanent resident, was convicted of four counts of rape of a child under Massachusetts law. An immigration judge concluded Christian was removable because those convictions were aggravated felonies under the Immigration and Nationality Act. 8 U.S.C. § 1227(a)(2)(A)(iii). Christian filed a motion to reconsider, which the immigration judge denied. Christian appealed the order denying reconsideration—but not the underlying removal order—to the Board of Immigration Appeals. The Board dismissed Christian's appeal, and Christian filed a petition for review.

We deny the petition for review. First, we conclude the Board did not err when it declined to disturb the immigration judge's denial of Christian's motion to reconsider an already made decision in which the immigration judge applied on-point precedent holding that this specific state offense was an aggravated felony. Second, the Board did not err in rejecting Christian's argument that he was eligible for a waiver under 8 U.S.C. § 1227(a)(7). That provision permits the Attorney General to "waive the application of" a particular statute—8 U.S.C. § 1227(a)(2)(E)—in certain circumstances. See 8 U.S.C. § 1227(a)(7)(A). But Christian was not found removable under subsection (a)(2)(E); he was found removable under subsection (a)(2)(A)(iii). Thus, Christian is not eligible for a waiver under Section 1227(a)(7).

We dispense with oral argument because the facts and legal contentions are adequately presented in the briefs and argument would not aid the decisional process.

*PETITION DENIED*

2